UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN F. REDOS, JR., | No. 2:08-cv-01036-MCE-KJM |
| Plaintiff, | Related to: No. 2:08-cv-01155-MCE-KJM |
| v. | **ORDER** |
| UNION PACIFIC RAILROAD COMPANY, | |
| Defendants. | |

----oo0oo----

Presently before the Court is Plaintiffs' Motion to Amend the Scheduling Order the cases of <u>Redos v. Union Pacific Railroad Company</u>, 2:08-cv-01036-MCE-JKM, and <u>Nickles v. Union Pacific Railroad Company</u>, 2:08-cv-01155-MCE-KJM.  The Court previously ordered these cases consolidated for discovery purposes only with <u>Gomez v. Union Pacific Railroad Company</u>, 2:09-cv-00225-MCE-KJM. Plaintiffs Redos and Nickles now contend that the discovery deadlines set in the Court's Pretrial Scheduling Order ("PTSO") should be extended so that they are in keeping with those set in the <u>Gomez</u> case.  This Court agrees.

///

1

1 | Generally, the Court is required to enter a pretrial
2 | scheduling order within 120 days of the filing of the complaint.
3 | Fed. R. Civ. P. 16(b).  The scheduling order "controls the
4 | subsequent course of the action" unless modified by the Court.
5 | Fed. R. Civ. P. 16(d).  Orders entered before the final pretrial
6 | conference may be modified upon a showing of "good cause," Fed.
7 | R. Civ. P. 16(b), but orders "following a final pretrial
8 | conference shall be modified only to prevent manifest injustice."
9 | Fed. R. Civ. P. 16(e); see also Johnson v. Mammoth Recreations,
10 | 975 F.2d 604, 608 (9th Cir. 1992).
11 | Rule 16(b)'s "good cause" standard primarily considers the
12 | diligence of the party seeking the amendment.  Id. at 609.  "The
13 | district court may modify the pretrial schedule 'if it cannot
14 | reasonably be met despite the diligence of the party seeking the
15 | extension.'"  Id., quoting Fed. R. Civ. P. 16 advisory
16 | committee's notes (1983 amendment).  "Moreover, carelessness is
17 | not compatible with a finding of diligence and offers no reason
18 | for a grant of relief."  Id.  "Although the existence or degree
19 | of prejudice to the party opposing the modification might supply
20 | additional reasons to deny a motion, the focus of the inquiry is
21 | upon the moving party's reasons for seeking modification.  If
22 | that party was not diligent, the inquiry should end."  Id.
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

2

1  Good cause having been shown, Plaintiffs' Motion to Amend
2 the PTSO (Docket NO. 21) is GRANTED.  Since the modification of
3 the discovery dates in this case necessarily requires
4 modification of all scheduling dates, the Court will issue an
5 Amended Pretrial Scheduling Order in <u>Redos</u> and <u>Nickles</u> within ten
6 (10) days of the date this Order is electronically filed.  The
7 hearing currently scheduled for 2:00 p.m. on **July 16, 2009,** is
8 hereby vacated.

9  IT IS SO ORDERED.

Dated: July 2, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

3