John S. Gilmore, Esq. (SBN: 32491)
gilmore@randolphlaw.net
Thomas a. Cregger, Esq. (SBN: 124402)
tac@randolphlaw.net
Stephanie L. Quinn, Esq. (SBN: 216655)
slq@randolphlaw.net
RANDOLPH CREGGER & CHALFANT LLP
1030 G Street
Sacramento, CA 95814
Telephone:  (916) 443-4443
Facsimile:   (916) 443-2124

Attorneys for Defendant
UNION PACIFIC RAILROAD COMPANY

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN F. REDOS, JR.,<br><br>        Plaintiff,<br><br>    vs.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>        Defendant.<br>_____/ | No. 2:08-CV-01036-MCE-KJM<br><br>**DEFENDANT'S REQUEST FOR PAGE LIMITATION EXTENSION FOR MOTION FOR SUMMARY JUDGMENT; ORDER THEREON** |

Defendant UNION PACIFIC RAILROAD COMPANY ("Union Pacific") hereby requests that the Court allow Defendant to file a motion for summary judgment in this matter that exceeds the page limitation of twenty (20) pages, which is set forth in the Court's Amended Pretrial Scheduling Order, dated July 6, 2009. There is good cause to allow Defendant to file a supporting memorandum in excess of the page limitation, for the following reasons:

This case arises out of the derailment of a rail grinding consist (called the "RMS-4") owned and operated by Harsco Track Technologies ("Harsco") on November 9, 2006. Harsco performed rail grinding services pursuant to a contract with Defendant Union Pacific. The RMS-4 was

traveling from Sparks, Nevada to Bakersfield, California, when it derailed in the Sierra Nevada Mountains, near Alta, California.  Two Harsco employees were killed.

Plaintiff JOHN REDOS, a Harsco employee, was the supervisor of the RMS-4 and was operating the equipment at the time it derailed.  He has brought this lawsuit against Union Pacific alleging that he suffered post traumatic stress disorder as a result of the incident.  He has asserted the following claims in his Second Amended Complaint: (1) Negligence/Gross Negligence; (2) Negligence Per Se; (3) Violation of the Locomotive Inspection Act, 49 U.S.C. §20701 et seq. ("LIA"); (4) Federal Employers' Liability Act, 45 U.S.C. §51 et seq. ("FELA"); and (5) Violation of the Federal Safety Appliance Act, 49 U.S.C. §20301 et seq. ("FSAA").

This case involves complicated legal and factual issues that Defendant intends to present to the Court by way of a summary judgment/adjudication motion.  Those issues include, whether Defendant can be liable under the FELA, LIA and FSAA.  More specifically, whether Plaintiff qualifies as a "borrowed servant" under the FELA to bring him within the protection of the federal statutes, whether Defendant can be directly liable to a non-employee under the LIA and FSAA, and whether those statutes apply to the rail grinding equipment at issue here.  Other important legal issues need to be resolved by the Court on a dispositive motion, including Defendant's duties and liability to Plaintiff for alleged negligence, gross negligence and negligence per se.  This case involves detailed evidence regarding brake systems, equipment maintenance and inspections, train handling, and the contractual relationship between Union Pacific and Plaintiff's employer, Harsco, among other things.  Substantial legal and factual analysis is needed in order to adequately address these issues.

Given the numerous issues presented by Plaintiff's complaint and the legal and factual matters at issue in this case, Defendant cannot adequately address the issues to be presented to the Court by way of a summary judgment motion in a memorandum which is limited to twenty (20) pages.  Defendant believes that it can adequately address the issues in a memorandum not exceeding forty (40) pages and hereby requests that the Court grant a page limitation increase,

1  given the circumstances of this case.

3  Dated: July 28, 2010              RANDOLPH CREGGER & CHALFANT LLP

5             /s/ John S. Gilmore
   JOHN S. GILMORE
6  Attorneys for Defendant UNION PACIFIC RAILROAD COMPANY

9                              **ORDER**

11     IT IS SO ORDERED.   Given the excess page limit requested by Defendant, however, Plaintiff's Opposition, if any, shall also be subject to the same 40 page limitation.  Should Defendant elect to file a reply, it may be no more than 20 pages in length.

14  Dated: July 29, 2010

   _____
16  MORRISON C. ENGLAND, JR.
   UNITED STATES DISTRICT JUDGE

**Randolph Cregger & Chalfant**

---
3
DEFENDANT'S REQUEST FOR PAGE LIMITATION INCREASE FOR SUMMARY JUDGMENT MOTION; ORDER THEREON